RE RPT #   2311
ALMOUNT $   $150⁰⁰
SUMMONS ISS.   Y-3
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
AO 120 OR 121
BY DPTY CLK   rmr
DATE   11-14-01

# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

In re: Richard Pacheco
Plaintiff

# 01   11955 MEL

New Bedford Public Schools, City of New Bedford, Paul Martin
**Defendants**

## A WRIT OF MANDAMUS AND/OR PROHIBITION

COMES NOW Richard Pacheco, pro se, in propria persona and moves this court for a Writ of Mandamus against the above named defendants. In support of this application, the Plaintiff alleges and states as follows:

1. Plaintiff is an employee of the New Bedford Public Schools and has been since on or about August of 1969.
2. Paul Martin is the business manager for the New Bedford Public Schools.
3. When the Plaintiff started working for the school department he was told he must supply a social security number in order to work.
4. The New Bedford Public Schools does not have the authority to demand a social security number as a condition of employment.
5. The New Bedford Public Schools also withholds monies from the plaintiff's earnings without his permission under the guise of "income tax withholding."
6. The defendants do not have authority under the law to withhold any earnings.
7. The defendants do not have authority to determine who is subject to or liable for any so-called "income" tax.
8. The plaintiff demanded that the defendants produce any and all documents relating to the determination that he was "subject to" or "liable for" any tax based on his earnings by certified mail.
9. Plaintiff's certified mail request came back unopened.
10. Defendants, without benefit of due process rights, continued to deprive the Plaintiff of his total earnings and refusing to remove his social security number from their records.
11. By continuing to deprive the Plaintiff of his total earnings without benefit of due process and beyond their legal authority, they have denied the Plaintiff his constitutional rights violating his due process rights and illegally seized of his property.
12. The authority for this action for this court's jurisdiction comes under 28 U.S.C. 1331. The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

### Table of Authorities

**Statutes**

*8 U.S.C. 1324(b)*



*26 U.S.C. 3402(f)(2)(A)*
*26 U.S.C. 3402(a)(1)(B)*
*26 C.F.R. 31.3402(f)(2)-1(a)*
*26 U.S.C. 6109(a)(3)*
*26 CFR 301.6109-1(c)*
26 U.S.C. 6723
26 U.S.C. 6742(a)

## Court Cases

*Al Belmore v. Department of Industry and Labor*, Wis. District IV, No. 96-0408, (1996)
*Brushaber v. Union Pacific R.R. Co.* 240 U.S. 1, at 13 (1916)
*Brushaber, supra* at pages 16-17
*Jack Cole Co v. MacFarland*, 337 S.W. 2d. 453 (Tenn. 1960)
*C.I.R. v. Trustees of L. Inv. Ass'n., 100 F 2d 18 at 29(7th Cir. 1938)*
*Cooley, Const. Lim., 7th ed., 680*
*Economy Plumbing and Heating Co. v. U.S.* 470 F.2d 585, 589-590. (U.S. Court of Claims, 1972)
*Federal Crop Insurance Corp. v. Merrill* 332 U.S. 380 at 384 (1947)
*Flint v. Stone Tracy Co.*, 220 U.S. 107, at 151 (1911)
*Flora v. U.S.* 362 U.S. 145, 176 (1960)
*Higley v. C.I.R. 69 F.2d 160* (8th Cir. 1934)
*Miller v. Standard Nut Margerine*, 284 U.S. 498 (1932).
*Peck & Co. v. Lowe*, 247 U.S. 165, 172 (1918)
*Penn Mutual Indemnity Co. v. C.I.R.*, 277 F.2d 16 (3rd Cir. 1960)
*Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, at 557 (1895)
*Redfield v. Fisher*, 292 P.813 (1930)
*Stanton v. Baltic Mining Co.*, 240 U.S. 103, at 112
*State, ex rel Montague v. Police and Fireman's Disability Fund (1992)*, 78 Ohio App 3d 661
*Tyler v. U.S.*, 281 U.S. 497, at 502 (1930)
*Yoshimira, M. v. Alsup*, 167 F.2d 104 (9th Cir. 1948).

## Other Documentation

House Congressional Record, 3-27-43, page 2580
Congressional Research Service Report, "Some Constitutional Questions regarding the Federal
        Income Tax Laws." May 25, 1979, updated September 26, 1984
Briefs sections from EEOC v. Information Systems Consulting, CA3-92-0169-T  U.S. District
        Court for the Northern District of Texas Dallas Division.
Appeal Brief of U.S. Attorney in C.A. 85-3069 for 9th Cir., District of Montana, Billings
        Division.

## Statement

"A writ of mandamus is an extraordinary legal remedy, available only to parties that can show that the writ is based on a clear, specific legal right which is free from substantial doubt." *Al Belmore v. Department of Industry and Labor*, Wis. District IV, No. 96-0408, (1996)

"Whatever the form in which the government functions, anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of this authority..." *Federal Crop Insurance Corp. v. Merrill* 332 U.S. 380 at 384 (1947)

The Plaintiff has clear, specific rights under the Constitution, among which are the right to due process under the 5th Amendment, protection from illegal seizure under the 14th Amendment, the right to pursue an occupation of his choosing without interference if he does not impinge upon the public good. The defendants have violated his sustentative and procedural due process rights. The Defendants, with callous disregard and malicious intent, violated these clearly established rights. Further damage will occur if the writ is not issued, depriving the Plaintiff of the fruits of his labor without due process and proper legal authority. A trial would delay the proceedings and subject the Plaintiff to continuous loss while it continued, further denying his property and due process rights.

## Argument

Plaintiff prays the court to order the defendants to produce the documentation they relied upon to determine his tax status and that producing a social security number were prerequisites for employment defined by law, not merely school department policy. The Internal Revenue Code is very clear as to responsibilities and authorities. The defendants acted beyond the authority allowed them by law to determine that the Plaintiff was "subject to" and "liable for" any Internal Revenue tax. Plaintiff's position is supported by Supreme Court Decisions and the Internal Revenue Code itself.

Nowhere in the Internal Revenue Code does it make it mandatory that a potential employee supply a social security number in order to obtain work. This material fact was hidden from the Plaintiff when he first applied for the job as teacher with the New Bedford Public School System in 1969 and since that time until his own research uncovered the truth. The act of withholding this information was either due to fraud, constructive fraud or intentional misrepresentation and the Plaintiff's submission of a social security number and W-4 was the direct result of that misrepresentation and coercion.

The Internal Revenue Code states that an employer must "request" the number, but not that it is a requirement for work. In the event that the employee refuses to give the number as per request under the law, the employer is allowed to avoid the penalties which would otherwise be imposed for not requesting the number in the first place as their act was not willful and followed the actions of the statute and regulations.

The Internal Revenue Code section 6109(a)(3) states:

> Any person **required** under the authority of this title to make a return, statement or other document with respect to another person shall **request** from such other person, and shall include in any return, statement, or other document such identifying numbers as may be prescribed for securing proper identification of such other person.
> *26 U.S.C. 6109(a)(3)* (Emphasis added.)

The regulation interpreting section 6109 provides:

> If he does not know the **taxpayer** identifying number of the other person, he shall **request** such number of the person. A **request** should state that the identifying number is required to be furnished under authority of law. **When the person filing the return, statement, other document does not know the number of the other person**, and has complied with the request provision of this paragraph, **he shall sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service so stating.**
> *26 CFR 301.6109-1(c)* (In part, emphasis added.)

If a document must be filed and the employer has been unable to obtain the number but made the request, then the employer needs only to include an affidavit stating that the request has been made.

The Internal Revenue Code section 6723 states:

> In the case of a failure by any person to comply with a specified information reporting requirement on or before the time prescribed therefore, such person shall pay a penalty of $50 for each such failure,...
> *26 U.S.C. 6723* (In part.)

**However,** Internal Revenue Code section 6742(a) provides a ***waiver for any penalties*** assessed under the code upon showing of reasonable cause. Section 6724(a) provides:

> No penalty shall be imposed under this part with respect to any failure **if it is shown** that such failure is due to reasonable cause and **not** to willful neglect.
> *26 U.S.C. 6742(a)* (Emphasis added.)

Since the Internal Revenue Code provides **a waiver of any penalties** for any failure to obtain a social security number it is not mandatory that the Defendants obtain such or supply such number to the Internal Revenue Service. The fact that an individual will not sign a tax form or supply a number after the defendants have made the request, eliminates willful neglect on their part.

Even under the Immigration Reform and Control Act, codified at 8 U.S.C. 1324(b), documents other than a social security card can be used for identification purposes, a birth certificate being one of them.

Furthermore, the regulation issued pursuant to *26 U.S.C. 3402(f)(2)(A)* states that an employer is only required to request a "withholding exemption certificate" and tells you precisely what to do in the event you are not furnished with such certificate.

> (a) On commencement of employment…
> The employer is to **request** a withholding exemption certificate from each employee, but if the employee fails to furnish such certificate, such employee shall be considered as a single person claiming no withholding exemptions.
> *26 C.F.R. 31.3402(f)(2)-1(a)* (In part, emphasis added.)

Summarizing all of the above, it is clear that the statutes and regulations issued pursuant to the statutes do not provide the Defendants with any protection for refusing to hire an individual or for dismissing an individual or withhold funds, simply because the individual has not supplied a social security number or signed tax form.

> The revenue laws are a code or system in regulation of tax assessment and collections. They relate to **taxpayers** and not to **nontaxpayers.** The latter are without their scope. No procedure is prescribed for **nontaxpayers**, and no attempt is made to annul any of their rights and remedies in due course of law. With them, Congress does not assume to deal, and they are neither of the subject nor the object of the revenue laws.

> Note 3.  The term **"taxpayer"** in this opinion is used in the strict or narrow sense contemplated by the Internal Revenue Code and means any person who pays, overpays, or is subject to pay his own personal income tax.  (See Section 7701(a)(14) of the Internal Revenue Code of 1954.)  A **"nontaxpayer"** is a person who does not possess the foregoing requisites of a taxpayer.

> *Economy Plumbing and Heating Co. v. U.S.* 470 F.2d 585, 589-590. (U.S. Court of Claims, 1972). (Emphasis added.)

In other words, all of the statutes and regulations under the internal revenue laws apply only to those who are **subject to** or **liable for** a revenue tax.

The defendants do not have the authority to determine who is and who is not "subject to" or "liable for" a tax.  They did not present any evidence to support that contention in violation of the Plaintiff's due process rights.  There is no tax within the Internal Revenue Code imposed on people or property.

> A federal court has stated:

> Indeed, the requirement for apportionment is pretty strictly limited to taxes on real and personal property and capitation taxes.
> *Penn Mutual Indemnity Co. v. C.I.R.*, 277 F.2d 16 (3rd Cir. 1960)

The court itself does not possess the authority to determine whether or not an individual is a taxpayer under the Internal Revenue Code or not.

> Since the statutory definition of "taxpayer" is exclusive, the federal courts do not have the power to create non statutory taxpayers for the purpose of applying the provisions of the revenue acts...
> *C.I.R. v. Trustees of L. Inv. Ass'n., 100 F 2d 18 at 29(7th Cir. 1938)*

There is no tax imposed by the Internal revenue laws that has been apportioned among the States as the United States Constitution requires of direct taxes.  Obviously, since there are no federal taxes apportioned among the States, including social security taxes, there is no tax imposed on either people or property.

The U.S. Supreme Court has stated:

> In the matter of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, lays down two rules by which their imposition must be governed, namely: The rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts and excises.
>
> *Pollock v. Farmers' Loan & Trust Co.,* 157 U.S. 429, at 557 (1895); and *Brushaber v. Union Pacific R.R. Co.* 240 U.S. 1, at 13 (1916). (Emphasis added.)
>
> And,
>
> [T]he conclusion reached in the Pollock Case did not in any degree involve holding that income taxes generically and necessarily came within the class of direct taxes on property, but on the contrary recognized the fact that taxation on income was in its nature an **excise**. *Brushaber, supra* at pages 16-17 (Emphasis added.)

In the event that Defendants claim that the Sixteenth Amendment authorized a direct tax without apportionment, the U.S. Supreme Court said:

> [B]y the previous ruling it was settled that the provisions of the Sixteenth Amendment conferred **no new power** of taxation but simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from  being taken out of a category of **indirect** taxation to which it inherently belonged...
> *Stanton v. Baltic Mining Co.,* 240 U.S. 103, at 112. (Emphasis added.)
>
> and,
>
> The Sixteenth Amendment... does not extend the taxing power to new or excepted subjects...
> *Peck & Co. v. Lowe,* 247 U.S. 165, 172 (1918).

> A tax laid upon the **happening of an event**, as distinguished from its tangible fruits, is an **indirect tax**…
>
> *Tyler v. U.S.*, 281 U.S. 497, at 502 (1930). {Emphasis added.)

The 1943 House Congressional record reiterates these basic facts.

The income tax is, therefore, **not a tax on income as such**. It is an excise tax with respect to certain activities and privileges which is measured by reference to the income which they produce. **The income is not the subject of the tax: it is the basis for determining the tax.**
House Congressional Record,, 3-27-43, page 2580. (Emphasis added.)

> The U.S. Supreme Court explains an excise tax:
>
> Excises are "taxes laid upon the manufacture, sale or consumption of commodities within a country, upon licenses to pursue certain occupations, and upon corporate privileges."
> Cooley, Const. Lim., 7th ed., 680
> *Flint v. Stone Tracy Co.*, 220 U.S. 107, at 151 (1911). (Emphasis added.)

Unless the Defendants can find a place in the Internal Revenue Code that imposes a tax upon any activity or event which the Plaintiff is involved in, they have no basis to assume or presume that the Plaintiff is <u>subject to</u> or <u>liable for</u> a tax.

While withholding is authorized under certain conditions, section 3402(a)(1)(B) of the Internal Revenue Code states that withholding must:

> …reflect the provisions of chapter 1 [of the Code]…
> *26 U.S.C. 3402(a)(1)(B)* (Explanation added.)

Chapter 1 of the Code involves the so-called "income" tax which is an indirect tax in the nature of an excise which is a tax imposed upon some taxable event or activity. There is no place in the Internal Revenue Code that imposes a tax on any activity or event which Plaintiff is involved in, and no place in the Code that makes me subject to or liable for any revenue tax.

The defendants do not have the authority to act unless they can produce the proper statutes and regulations that authorize those actions. There is nowhere in the code which authorizes the employer (or anyone else for that matter) to have and exercise such powers to determine liability for taxes. Even the Commissioner of Internal Revenue can only ascertain the amount of a liability, not whether a liability exists or not.

The defendants acted on unfounded presumption, not basing their actions on the statutes and regulations. Personnel within the taxing agencies may have authority to determine the liability (the amount of tax owed) of a "taxpayer" as that term is defined in the Internal Revenue Code (one who is subject to a revenue tax), but the Plaintiff submits that no person has been granted the authority to determine whether or not he is "subject to" or "liable for" any internal revenue tax.

The U.S. Supreme Court has ruled:

Our system of taxation is based upon voluntary assessment and payment, not upon distraint.
*Flora v. U.S.* 362 U.S. 145, 176 (1960).

The Plaintiff determined that that he is not now or ever was subject to or liable for any internal revenue tax. The plaintiff merely exercises his natural rights, upon which no excise may be laid. See *Redfield v. Fisher*, 292 P.813 (1930).

No person has been granted the ***authority to determine*** whether or not the Plaintiff is subject to or liable for any internal revenue tax under the Internal Revenue Code or any other statute.

The only requirements for forms to be signed and numbers to be supplied under the revenue laws apply only to a "taxpayer" as that term is defined in the Internal Revenue Code; i.e. one who is subject to and/or liable for revenue tax.

The defendants may claim that they act for the government, but they fail to provide by what authority they act and consequently exceed any legal authority. When one deals with one who claims to act for the government, it is the person's responsibility to determine whether the alleged government representative acts within the scope of their authority. In this instance, the defendants exceeded any statutory or regulatory authority granted an employer over an employee in these matters.

Plaintiff submits that such numbers and forms were obtained from him by the defendants under conditions of mistake of fact, mistake of law, misrepresentation, fraud, constructive fraud, duress, and/or coercion and he revoked his signature on any and all such forms in their possession and they are therefore null and void, vitiated by fraud.

The defendants failed to provide the defendant with true copies of an official determination that he was "subject to" and "liable for" a revenue tax, signed by a person with property authority to make that determination (if any such person exists) and with documented proof of the authority to make that determination, the detailed basis for that determination clearly identifying the precise section of the revenue laws imposing a tax on that particular subject and the precise section of the revenue laws which makes the Plaintiff subject to and liable for any withholding of his lawful earnings as an unlawful conversion of his property.

Board's determination not supported by some evidence on record where determination failed to give an explanation of basis for decision, evidence relied upon or reasoning utilized in reaching a decision, entitles to a writ of mandamus ordering trustees to vacate old order and enter new order.
*State, ex rel Montague v. Police and Fireman's Disability Fund (1992)*, 78 Ohio App 3d 661.

No person shall be… deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.
U.S. Constitution, Fifth Amendment (in part)

The fact that the practice is widely accepted does not excuse it if it is condemned by the Constitution.

The 9th Circuit Court of Appeals said:

> A practice condemned by the Constitution cannot be saved by historical acceptance and present convenience.
> *U.S. v. Woodley*, 726 F.2d 1328, 1338 (1983)

The Plaintiff has no clear liability for any revenue taxable activity. In order for the tax to apply, the activity must be taxable. See U.S. v. Davis, 370 U.S. 65 (1962). Plaintiff's activities are simply to enjoy his wages, the fruits of his labor, a natural right. An excise cannot be imposed on the enjoyment of a natural right. See *Redfield v. Fisher*, 292 P.813 (1930) and *Jack Cole Co v. MacFarland*, 337 S.W. 2d. 453 (Tenn. 1960) Any tax liability must clearly appear. See *Higley v. C.I.R. 69 F.2d 160* (8th Cir. 1934)

Additionally, the Anti Injunction Act cannot be invoked since the documents were received by fraud and duress. See *Yoshimira, M. v. Alsup*, 167 F.2d 104 (9th Cir. 1948). And *Miller v. Standard Nut Margerine*, 284 U.S. 498 (1932).

**Conclusion**

Therefore in consideration of the points and authorities named above, the Plaintiff prays the court issue a Writ of Mandamus and /or Prohibition ordering the Defendants to cease and desist any and all withholding and to return any funds withheld until such time as they produce the proper documentation, including statutes, regulations which indicate the person with the authority to make that determination of tax liability and the date and documentation to support that determination in a manner proscribed by law, that the Plaintiff is indeed **subject to** or **liable for** any revenue tax by his activities.

Further the Plaintiff prays the court order the Defendants remove his social security number from all their records until such time they produce the documents cited in his letter to the employer. Should they be unable to produce said documentation within 30 days, Plaintiff prays that they be permanently enjoined from making such requests for social security number in the future unless they state on their application, that such a request is optional.

Respectfully submitted,

Richard Pacheco
Pro se, in propria persona

EXHIBIT A1—Envelope certified mail letter to employer.
EXHIBIT A2—Copy of letter inside the envelope.
EXHIBIT B—House Congressional Record
EXHIBIT C—Selected Sections of House Congressional Research Service Report
EXHIBIT D—U.S. Attorney Brief from C.A. 85-3069

U.S. POSTAGE
PAID
NEW BEDFORD,MA
02740
AUG 22 '01
AMOUNT
$4.17
00069441-02

830
9/6
9/14

02740

9264

UNITED STATES
POSTAL SERVICE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Paul Martin
Business Manager
N.B. Public Schools
455 County St.
New Bedford, MA 02740

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
   7000 1670 0001 4321 5860

PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952

PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF THE RETURN ADDRESS

CERTIFIED MAIL

7000 1670 0001 9321 5860

Paul Martin
Business Manager
N.B. Public Schools
455 County St.
New Bedford, New 02740

RETURN TO SENDER

157 Cornell St.
New Bedford, MA
02740

☐ Unclaimed   X CHECKED
☐ Addressee Unknown
☐ Insufficient Address
☐ No such Street — number
☐ No such Office in state
☐ Do not remail in this envelope

8.30.01

NJ

Richard Pacheco
157 Cornell Street
New Bedford, Massachusetts 02740

Notice
Paul Martin
Business Manager
New Bedford Public Schools
230 County Street
New Bedford, Massachusetts 02740

RE: Demand for full payment of earnings and demand employer cease and desist withholding of earnings under the guise, pretext, sham and subterfuge of withholding taxes from employee who is not subject to income or other revenue tax, and payment of all moneys unlawfully withheld.

## THERE IS NO ABSOLUTE REQUIREMENT TO SUPPLY A SOCIAL SECURITY NUMBER OR TAXPAYER FORM W-4

Dear Mr. Martin:

Please take notice that I, Richard Pacheco, hereby demand full payment of my earnings and demand that you cease and desist withholding of any of my earnings under guise, pretext, sham and subterfuge of withholding taxes.

At the time I applied for a job with you, I was falsely led to believe that I was required by law to complete and sign a Form W-4 and also required to supply a social security number. I have since learned certain facts regarding the signing of forms and the supplying of numbers supposedly required by the revenue laws.

I submit that there is no law that requires an individual to complete and sign a Form W-4 in order to obtain or to keep a job. I also submit that there is no law that requires an individual to supply a social security number in order to obtain and keep a job.

I submit that it is only required under the internal revenue statutes and regulations that an employer **request** from an individual a completed and signed Form W-4 and request from and individual an identifying number such as a social security number. As you will see, the employer needs only to sign an affidavit stating that the **request** for a social security number has been made.

I submit that any penalties relating to an individual's alleged failure to sign **required** forms, submit required information, and/or supply **required** numbers is a matter between the individual and the internal revenue service and the individual; and that the employer has absolutely no authority to penalize an individual in any manner or

to deprive an individual of any rights or privileges merely because the individual has not supplied such number or submitted such forms.

I submit that the Internal Revenue Code and the regulations promulgated pursuant to the code do not contain an absolute requirement that an employer provide an employee's social security number or other identifying number to the Internal Revenue Service.

I base the above statements on the following information:

## NO SOCIAL SECURITY NUMBER REQUIRED.

The Internal Revenue Code section 6109(a)(3) states:

> Any person required under the authority of this title to make a return, statement or other document with respect to another person shall request from such other person, and shall include in any return, statement, or other document such identifying numbers as may be prescribed for securing proper identification of such other person.
> *26 U.S.C. 6109(a)(3)* (Emphasis added.)

The regulation interpreting section 6109 provides:

> If he does not know the **taxpayer** identifying number of the other person, he shall **request** such number of the person. A **request** should state that the identifying number is required to be furnished under authority of law. **When the person filing the return, statement, other document does not know the number of the other person**, and has complied with the request provision of this paragraph, **he shall sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service so stating.**
> *26 CFR 301.6109-1(c)* (In part, emphasis added.)

If a document must be filed and the employer has been unable to obtain the number but made the request, then the employer needs only to include an affidavit stating that the request has been made.

The Internal Revenue Code section 6723 states:

> In the case of a failure by any person to comply with a specified information reporting requirement on or before the time prescribed therefore, such person shall pay a penalty of $50 for each such failure,...
> 26U.S.C. 6723 (In part.)

**However,** Internal Revenue Code section 6742(a) provides a waiver for any penalties assessed under the code upon showing of reasonable cause. Section 6724(a) provides:

> No penalty shall be imposed under this part with respect to any failure **if it is shown** that such failure is due to reasonable cause and not to willful neglect.
> 26 U.S.C. 6742(a) (Emphasis added.)

Since the Internal Revenue Code **provides a waiver of any penalties** for any failure to obtain a social security number it is not mandatory that you obtain such or supply such number to the Internal Revenue Service. The fact that an individual will not sign a tax form or supply a number after you have made the **request,** eliminates willful neglect on your part.

Even under the Immigration Reform and Control Act, codified at 8 U.S.C. 1324(b), documents other than a social security card can be used for identification purposes, a birth certificate being one of the.

## NO FORM W-4 IS REQUIRED

Just like the request for a social security number (or "taxpayer" identification number), the Internal Revenue Code merely requires that the employer request a Form W-4 (or withholding exemption certificate) from each employee. The code instructs that in the event the employee does not furnish such certificate, such employee shall be considered a single person. Note that the Internal Revenue Code only relates to those persons who are **subject to** and **liable for** a revenue tax. (See *Economy Plumbing and Heating Co. v. U.S. 470 F.2d 585*, cited below.)

Just like the social security number, you will also see that there is no absolute requirement for withholding exemption certificates or withholding allowance certificates (such as Form W-4) required to be signed by an individual in order for him or her to obtain a job. You will see that such forms apply only to individuals who are claiming some sort if statutorily authorized allowance or exemption.

The Internal Revenue Code provides:

> On or before the date of commencement of employment with an employer, the employee shall furnish the employer with a signed withholding exemption certificate **relating the number of exemptions which he claims,** which shall in no event exceed the number to which he is entitled. *26 U.S.C. 3402(f)(2)(A)* (Emphasis added.)

Here, the language is clear. Such form is required only in the event some sort of exemption is claimed. **Please be advised that I make no claim at all.** I do not claim "exempt" I do not claim "zero" and I do not claim any other number of exemptions. I

simply **make no claim at all.** I submit that you will find no law requiring an individual to complete such certificate if such individual makes no claim. It goes without saying that an individual cannot be forced to claim a "benefit" or be forced to sign a government form which **is not** absolutely required by law in order to contract for a job.

Furthermore, the regulation issued pursuant to *26 U.S.C. 3402(f)(2)(A)* states that an employer is only required to request a "withholding exemption certificate" and tells you precisely what to do in the event you are not furnished with such certificate.

(a) On commencement of employment…
The employer is to **request** a withholding exemption certificate from each employee, but if the employee fails to furnish such certificate, such employee shall be considered as a single person claiming no withholding exemptions. *26 C.F.R. 31.3402(f)(2)-1(a)* (In part, emphasis added.)

**Summarizing all of the above,** it is clear that the statutes and regulations issued pursuant to **the statutes do not provide you with any protection** for refusing to hire an individual or for dismissing an individual simply because the individual has not supplied a social security number or signed tax form.

## WITHHOLDING

It goes without saying that one cannot have taxes withheld unless he is subject to or liable for a tax.

I deny being **subject to** or **liable for** any so called "income" tax, or any so called "Social Security" tax or any other revenue tax. I submit that you will find no place in the Internal Revenue Code that makes me subject to or liable for any tax. I suggest that you not merely assume that I am **subject to** or **liable for** a tax and withhold from my contracted earnings on the basis of that assumption. Such actions will not pass muster under the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

The Internal Revenue Code is clear showing which persons are liable for a tax. For example, 26 U.S.C. 5703(a) states:

The manufacturer or importer of tobacco products shall be held **liable for** the taxes imposed thereon by section 5701.
*26 U.S. C. 5703(a)(1)*

Again, I submit that you will find no place in the Internal Revenue Code that makes me subject to or liable for any tax.

Furthermore, I deny being a "taxpayer" as that term is defined in the Internal Revenue Code. I also deny that I have any "taxable income" or "taxable year" as those terms are defined in the Internal Revenue Code.

If you act on a mere assumption that I am subject to or liable for any revenue tax, you will carry the burden or proof as to the lawfulness of your actions.

You should note that the courts have clearly stated the revenue laws relate only to those who are **subject to** or **liable for** a tax.

> The revenue laws are a code or system in regulation of tax assessment and collections. They relate to taxpayers and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them, Congress does not assume to deal, and they are neither of the subject nor the object of the revenue laws.

> Note 3. The term **"taxpayer"** in this opinion is used in the strict or narrow sense contemplated by the Internal Revenue Code and means any person who pays, overpays, or is subject to pay his own personal income tax. (See Section 7701(a)(14) of the Internal Revenue Code of 1954.) A **"nontaxpayer"** is a person who does not possess the foregoing requisites of a taxpayer.

> *Economy Plumbing and Heating Co. v. U.S.* 470 F.2d 585, 589-590. (U.S. Court of Claims, 1972). (Emphasis added.)

In other words, all of the statutes and regulations under the internal revenue laws apply only to those who are subject to or liable for a revenue tax.

I submit that you do not have the authority to determine who is and who is not subject to or liable for a tax. Before you proceed to act on mere assumption that I am someone who is subject to or liable for a particular tax. I suggest you try to determine whether the subject of the tax is in the category of people, property or activities, and then try to find a place in the Internal Revenue Code that imposes a tax on that particular subject.

I submit there is no tax within the Internal Revenue Code imposed on people or property.

A federal court has stated:

Indeed, the requirement for apportionment is pretty strictly limited to taxes on real and personal property and capitation taxes.
*Penn Mutual Indemnity Co. v. C.I.R.*, 277 F.2d 16 (3rd Cir. 1960)

I submit that there is no tax imposed by the Internal revenue laws that has been apportioned among the states as the United States Constitution requires of direct taxes. Obviously, since there are no federal taxes apportioned among the States, including social security taxes, there is no tax imposed on either people or property.

The U.S. Supreme Court has stated:

> In the matter of taxation, the Constitution recognizes the two great classes of direct and indirect taxes, lays down two rules by which their imposition must be governed, namely: The rule of apportionment as to direct taxes, and the rule of uniformity as to duties, imposts and excises.

> *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, at 557 (1895); and
> *Brushaber v. Union Pacific R.R. Co.* 240 U.S. 1, at 13 (1916). (Emphasis added.)

And,

> [T]he conclusion reached in the Pollock Case did not in any degree involve holding that income taxes generically and necessarily came within the class of direct taxes on property, but on the **contrary** recognized the **fact** that taxation on income was in its nature an
> *Brushaber, supra* at pages 16-17 (Emphasis added.)

In the event that your attorney claims that the Sixteenth Amendment authorized a direct tax without apportionment, let me advise you that the U.S. Supreme Court said:

> [B]y the previous ruling it was settled that the provisions of the Sixteenth Amendment conferred **no new power** of taxation but simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from being taken out of a category of **indirect** taxation to which it inherently belonged...
> *Stanton v. Baltic Mining Co.*, 240 U.S. 103, at 112. (Emphasis added.)

and,

> The Sixteenth Amendment... does not extend the taxing power to new or excepted subjects...
> *Peck & Co. v. Lowe*, 247 U.S. 165, 172 (1918).

> A tax laid upon the **happening of an event**, as distinguished from its tangible fruits, is an **indirect** tax...
> *Tyler v. U.S.*, 281 U.S. 497, at 502 (1930). {Emphasis added.)

The 1943 House Congressional record reiterates these basic facts.

The income tax is, therefore, **not a tax on income as such.** It is an **excise** tax with respect to certain activities and privileges which is measured by reference to the income which they produce. **The income is not the subject of the tax: it is the basis for determining the tax.**
House Congressional Record,, 3-27-43, page 2580. (Emphasis added.)

The U.S. Supreme Court explains an excise tax:

Excises are "taxes laid upon the manufacture, sale or consumption of commodities within a country, upon licenses to pursue certain occupations, and upon corporate privileges."
Cooley, Const. Lim., 7th ed., 680
*Flint v. Stone Tracy Co.*, 220 U.S. 107, at 151 (1911). (Emphasis added.)

Unless you can find a place in the Internal Revenue Code that imposes a tax upon any activity or event which I am involved in, then you have no basis to assume or presume that I am subject to or liable for a tax.

While withholding is authorized under certain conditions, section 3402(a)(1)(B) of the Internal Revenue Code states that withholding must:

...reflect the provisions of chapter 1 [of the Code]...
*26 U.S.C. 3402(a)(1)(B)* (Explanation added.)

Chapter 1 of the Code involves the so-called "income" tax which is an indirect tax in the nature of an excise which is a tax imposed upon some taxable event or activity. I submit that you will not find a place in the Internal Revenue Code that imposes a tax on any activity or event which I am involved in, and no place in the Code that makes me subject to or liable for any revenue tax.

Also, I submit that before you proceed to act based upon someone else's statement claiming I am liable for or subject to any internal revenue tax, that you make certain that the person has the authority to make the determination. I submit that there is no statute authorizing anyone to determine whether or not I am subject to any internal revenue tax.  Personnel within the taxing agencies may have authority to determine the liability (the amount of tax owed) of a "taxpayer" as that term is defined in the Internal Revenue Code (one who is subject to a revenue tax), but I submit that no person has been granted the authority to determine whether or not I am subject to or liable for any internal revenue tax.

I submit that you will not be able to find any person who will sign a statement under penalty of perjury claiming that I am subject to or liable for any particular revenue tax.

The U.S. Supreme Court has ruled:

Our system of taxation is based upon voluntary assessment and payment, not upon distraint.
*Flora v. U.S.* 362 U.S. 145, 176 (1960).

I have determined that I am neither **subject to** nor **liable for** any internal revenue tax.

Again I submit that you will find no person who has been granted the authority to determine whether or not I am subject to or liable for any internal revenue tax. If you think there is a document granting any person such authority, I suggest you obtain a hard copy of that document before you proceed to withhold money from any earnings under the guise or pretext of supposedly withholding taxes.

I submit that the only requirements for forms to be signed and numbers to be supplied under the revenue laws apply only to a "taxpayer" as that term is defined in the Internal Revenue Code; i.e. one who is subject to and/or liable for revenue tax.

I submit that such numbers and forms were obtained from me by you under conditions of mistake of fact, mistake of law, misrepresentation, fraud, constructive fraud, duress, and/or coercion. Therefore, I hereby revoke my signature on any and all such forms in your possession and I demand that you remove any social security number or "taxpayer" identification number from any and all records in your possession.

Since you do not have the authority to determine whether or not I am subject to any internal revenue tax, I demand that you do not send any Form 1099, Form W-4, Form W-2, or any other forms concerning me to the IRS or any government agency. Any release of private information concerning me will be in violation of my rights of privacy under the law.

If any such agency requests information concerning me, I suggest you demand documented proof (if any exists) that I am a person subject to or liable for a revenue tax and provide me with copies of such documents.

If you cannot provide me with true copies of an official determination that I am subject to and liable for a revenue tax, signed by a person with property authority to make that determination (if any such person exists) and with documented proof of the authority to make that determination, the detailed basis for that determination clearly identifying the precise section of the revenue laws imposing a tax on that particular subject and the precise section of the revenue laws which makes me subject to and liable for any withholding of my lawful earnings will be an unlawful conversion of my property.

If you act without the proper authority, I seriously doubt the IRS will come to your aid.

Please advise me in writing within 10 days of receipt of this letter of the action you intend to take.

Sincerely.

Richard Pacheco

VERIFICATION

I do declare under penalty of perjury that I have read the foregoing letter and know its contents, and to the best of my knowledge the statements therein are true and correct except as to those matters upon which I rely on information and/or belief, and as to those matters I do believe them to be correct and true.

Dated: _____

Report No. 84-168 A    784/275

5-02

# SOME CONSTITUTIONAL QUESTIONS REGARDING THE
## FEDERAL INCOME TAX LAWS

by
Howard Zaritsky
Legislative Attorney
American Law Division

Updated by
John R. Luckey
Legislative Research Assistant
American Law Division









May 25, 1979

Updated September 26, 1984

HJ 4625 U.S. A

SOME CONSTITUTIONAL QUESTIONS REGARDING THE
FEDERAL INCOME TAX LAWS

1.  **What specific limitations on Congress' power to tax are found in the United States Constitution?**

There is only one express exception from Federal taxing power found in the United States Constitution.  Article I, Section 9 provides "No tax or duty shall be laid on articles exported from any State."

The United States Constitution divides all taxes into two classifications; direct taxes and indirect taxes.  Direct taxes must be levied according to the rule of apportionment and indirect taxes must be levied according to the rule of uniformity.

It is important to note and emphasize that these are classifications for purposes of how they may be levied, not denials of taxing power.  The Federal government may enact direct taxes, but if it does so, they must be apportioned among the States.

The classification of direct taxes and the rule of apportionment is set forth in Article I, Section 9, Clause 4 of the Constitution, which states:

> No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census of Enumeration herein before directed to be taken.

The classification of indirect taxes and the rule of uniformity is set forth in Article I, Section 8, Clause 1 of the Constitution, which states:

> The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defense and

CRS-2

> general Welfare of the United States; but all
> Duties, Imposts and Excises shall be uniform
> throughout the United States.

There are two types of direct taxes that therefore have to be apportioned: taxes on property (real or personal) and "Capitation" taxes (head taxes). Congress has in the past levied taxes on property. In the Act of August 2, 1813, 2 Stat. 53, Congress levied a direct tax on property totalling three million dollars, which the statute apportioned among the eighteen states and then among the counties (parishes) of each State. Thus, for example, $369,018.44 was apportioned to Virginia and $6,354.50 of that amount apportioned to Fairfax County. Provisions for assessing and collecting the tax were contained in the Act of July 22, 1813, 3 Stat. 22. A direct tax on property totalling $20 million was levied in 1861, apportioned among the States, territories, and the District of Columbia. Act of August 5, 1861, §8, 12 Stat. 295. Congress has never enacted a "head tax".

All taxes which are not direct are indirect and subject to the rule of uniformity. The rule of uniformity requires that an indirect tax not discriminate geographically. United States v. Ptasynski, 462 U.S. 74 (1983). For example, it would violate the rule of uniformity to enact a special income tax rate for residents of the State of Texas; however, it does not violate the rule to have a special income tax rate for individuals who make over $50,000 per year.

2. Is the Federal Income Tax a direct or indirect tax?

The status of the income tax has not always been clearly determinable from the decisions of the United States Supreme Court, though for the past sixty-four years the Court has taken the view that the Federal income tax is an indirect tax authorized under Article I, Section 8, Clause 1 of the Constitution, as amended by the Sixteenth Amendment to the Constitution.

In Pollock v. Farmers' Loan and Trust Company, 157 U.S. 429 (1895), rehearing 158 U.S. 601 (1895), the Supreme Court struck down the Income Tax Act of 1894. 28 Stat. 509. The 1894 Act imposed a Federal income tax on:

> the gains, profits, and income received in the pre-
> ceding calendar year by every citizen of the United
> States...whether said gains, profits, or income be
> derived from any kind of property, rents, interest,
> dividends, or salaries, or from any profession,
> trade, employment, or vocation carried on in the
> United States or elsewhere....

After extensive examination of the history of the constitutional provisions dealing with the Federal taxing power, the Court found that the Constitution had sought to avoid the levy of a burdening tax on accumulations of property, real or personal, except as subject to the "regulation of apportionment." 157 U.S. at 581. The Court concluded that a tax imposed on the "rents or income of real estate" was not significantly distinct from a tax on the property itself and was, therefore, a direct tax within the meaning of the United States Constitution. 157 U.S. at 583.

The Pollock Court did not, however, hold that all income taxes were direct taxes. Rather, it held that although income taxes are generally indirect taxes in the nature of excises (subject only to the rule of uniformity), income taxes on the gains de- rived from investments in real or personal property had so substantial an impact on the underlying assets that they should be viewed as direct taxes falling on the prop- erty. In this respect, the 1894 tax would have been valid to the extent that it was imposed on "gains, profits, or income...derived from... salaries, or from any pro- fession, trade, employment, or vocation..." 28 Stat. 509. Nonetheless, on rehear- ing Pollock, the Court struck down the entire 1894 Act because it believed that to void only the tax on income derived from investments in real and personal property and leave the tax burden solely upon wages and other forms of compensation income would be contrary to the congressional intent. 158 U.S. at 637.

*[handwritten annotations in right margin: "? is This Fraud or misTake", "P"]*

*[handwritten note at bottom:]*
↳ NoTe: The issue in This senTence was not the issue before The court
The Pollock case. See 158 u.s. 601, page 635
Also, note: The parT of the senTence in quoTaTion marks was Taken
voided 1894 AcT.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

- - - - - - - - - -

UNITED STATES OF AMERICA,    )

    Plaintiff - Appellee    )

        vs.    )   C.A. No. 85-3069

LELAND G. STAHL,    )

    Defendant - Appellant    )

- - - - - - - - - -

BRIEF OF APPELLEE

- - - - - - - - -

STATEMENT OF CASE AND FACTS

The statement of the case and facts found in appellant's brief is satisfactory for the purpose of this brief.

ISSUES

WHETHER OR NOT THE SIXTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION IS THE BASIS OF CONGRESS' AUTHORITY TO LEVY NON-APPORTIONED INCOME TAXES.

The answer to the question posed by this issue is yes and no. The case of Brushaber v. Union Pacific Railroad Company, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1915) not only answers the question posed by this issue but contains a thorough analysis of Congress' power to levy taxes.  Those portions of the Constitution relevant to this issue are set out below.

Article I, Section 8 of the Constitution provides in pertinent part:

            "Section 8.  The Congress shall
       have Power To lay and collect Taxes,

> Duties, Imposts and Excises, to pay
> the Debts and provide for the common
> Defence and general Welfare of the
> United States; but all Duties, Im-
> posts and Excises shall be uniform
> throughout the United States."

The above section however is limited by Article 1, Section 2 which provides in pertinent part that "Representatives and direct Taxes shall be apportioned among the several States . . .".

The Sixteenth Amendment to the Constitution which did away with the above limitation provides in pertinent part:

> "The Congress shall have power
> to lay and collect taxes on incomes,
> from whatever source derived, without
> apportionment among the several States,
> and without regard to any census or
> enumeration."

Brushaber, supra, teaches us that even prior to the enactment of the Sixteenth Amendment, Congress possessed the power to levy nonapportioned taxes on income derived from one's labor, that is, his employment.  Such a tax was found to be an excise tax and not subject to the limitation of Article 1, Section 2.  Any direct tax, such as a tax on property or income from personal investment, how- ever, was required to meet the limitation of Article 1, Section 2, that is, it had to be apportioned.

The Sixteenth Amendment was adopted in 1913.  Prior to that, in 1894, Congress enacted an income tax which was based on a statute that basically contained the language of the then non-existent Six- teenth Amendment (28 Stat. 509).  The act was challenged in Pollock v. Farmers Loan and Trust, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 739

In Pollock, supra, the Supreme Court recognized the difference

between direct taxes on property, that must be apportioned, and
excise taxes on income that need not be apportioned.  With that
distinction in mind the Court recognized that Congress was attempt-
ing to enable itself to levy a direct nonapportioned income tax on
property and income from personal investment.  Of course the
statute also permitted Congress to levy an excise tax on income from
labor, that is employment.  The Court saw that, in light of the
fact Congress could not impose a direct nonapportioned income tax
on property because of the limitation found in Article I, Section
2, the effect of the statute was to burden the working class with
an income tax and not impose any tax on property owners or inves-
tors.  The court, realizing this was not Congress' intent, declared
the statute unconstitutional.  Ultimately then, the Sixteenth
Amendment was adopted and in effect did away with the distinction
between direct apportioned income taxes and nonapportioned income
taxes on income derived on labor.

Based on the above, we then see that the Sixteenth Amendment
is not the basis for Congress' power to levy direct income tax on
income from labor but it is the basis for a direct nonapportioned
income tax on property and income from personal investment.

In the instant case, the appellant's income was derived from
his employment as a railroad engineer.  Thus it is clear that the
Sixteenth Amendment, is not the basis of the income tax levied
against him.

WHETHER OR NOT THE "LATENESS OF THE HOUR" DOCTRINE APPLIES TO
THE FACTS OF THIS CASE.

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** RICHARD PACHECO

**DEFENDANTS** NEW BEDFORD PUBLIC SCHOOLS, CITY OF NEW BEDFORD, PAUL MARTIN

**(b)** County of Residence of First Listed Plaintiff BRISTOL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
157 CORNELL ST.
NEW BEDFORD, MASS 02740

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

APPENDIX C   LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   *Richard Pacheco v. New Bedford Public Schools*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐     NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

   YES ☐     NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐     NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐     NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒     NO ☐

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   EASTERN DIVISION ☒     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION ☐     CENTRAL DIVISION ☐     WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   *Richard Pacheco*

ADDRESS   *157 Cornell St. New Bedford, Mass 02740*

TELEPHONE NO.   *508-994-0736*

(AppendixC.wpd - 11/27/00)